IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY W. NICHOLS, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | No._____ |
| v. | § § | |
| PET POWER, INC. D/B/A CARTER'S PET DEPOT & CARTER'S PET DEPOT #2, PAW POWER, INC., KENNETH D. CARTER | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Timothy W. Nichols (referred to as "Plaintiff" or "Nichols") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendants Pet Power, Inc. d/b/a Carter's Pet Depot and Carter's Pet Depot #2, Paw Power, Inc., and Kenneth D. Carter (referred to as "Defendants" of "Carter's Pet Depot"). In support thereof, he would respectfully show the Court as follows:

**I. NATURE OF SUIT**

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets

overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

2.      Carter's Pet Depot violated the FLSA by failing to pay its nonexempt employees at one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek.

3.      Plaintiff brings this collective action under section 216(b) of the FLSA on behalf of himself and all other similarly situated employees in order to recover unpaid overtime wages.

## II.  JURISDICTION AND VENUE

4.      Plaintiff's claims arise under the FLSA.   29 U.S.C. §§ 201-219. Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Carter's Pet Depot resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to the claim occurred in the Houston Division of the Southern District of Texas.

## III.  THE PARTIES

6.      Plaintiff Timothy W. Nichols is a resident of Harris County, Texas and was employed by Carter's Pet Depot within the meaning of the FLSA during the three (3) year period preceding the filing of this lawsuit.  In performing his duties, Nichols was engaged in commerce or in the production of goods for commerce.  Nichols regularly worked in excess of forty (40) hours per week.  However, Nichols did not receive

overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

7.     Defendant Pet Power, Inc. d/b/a Carter's Pet Depot and Carter's Pet Depot #2 is a Texas corporation that may be served with process by serving its registered agent, Kenneth D. Carter, at 9333 Katy Freeway, Houston, Texas 77024.  Alternatively, if the registered agent of Pet Power, Inc. cannot with reasonable diligence be found at its registered office, Pet Power, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

8.     Defendant Paw Power, Inc. is a Texas corporation that may be served with process by serving its registered agent, Kenneth D. Carter, at 9333 Katy Freeway, Houston, Texas 77024.  Alternatively, if the registered agent of Paw Power, Inc. cannot with reasonable diligence be found at its registered office, Paw Power, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

9.     Defendant Kenneth D. Carter, Individually is an individual who may be served with process at 9333 Katy Freeway, Houston, Texas 77024 or wherever he may be found.  Defendant Kenneth D. Carter, Individually may also be served with process pursuant to TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

10.     Whenever in this Complaint it is alleged that Carter's Pet Depot committed any act or omission, it is meant that the Carter's Pet Depot's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Carter's Pet Depot or was done in the routine and normal course and scope of employment of the Carter's Pet Depot's officers, directors, vice-principals, agents, servants or employees.

## IV. FACTS

9.     Carter's Pet Depot purports that "Carter's PET DEPOT has over 6,000 sq. ft. of pet supplies for every pet imaginable. In addition to a pet biscuit bakery, dog boutique and gift department. Carter's has the largest selection of premium dog and cat food in Houston, specializing in super premium, all natural & holistic brands of pet foods, as well as fresh, frozen and raw pet diets."

10.     Carter's Pet Depot does business in the territorial jurisdiction of this Court.

11.     From approximately August 2010 through June 2011 and from September 2012 through June 2013, Nichols was employed by Carter's Pet Depot as retails sales associates.

12.     Retails sales associates, including Nichols, are responsible for assisting customers, organizing and stocking product, cleaning the store, and making sales.

13.     Retails sales associates, including Nichols, are not required to possess advanced knowledge in a field of science or learning that is acquired by a prolonged course of specialized intellectual instruction.

14.     Retails sales associates, including Nichols, do not perform office or non-manual work directly related to the management or general business operations of Carter's Pet Depot.

15.     Retails sales associates, including Nichols, do not exercise discretion and independent judgment with respect to matters of significance.

16.     Retails sales associates, including Nichols, are paid on an hourly basis.

17.     Retails sales associates, including Nichols, regularly work in excess of forty (40) hours per week.

18.     Carter's Pet Depot does not pay retails sales associates, including Nichols, at one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek as required by the FLSA.

19.     Instead, Carter's Pet Depot pay retails sales associates, including Nichols, at their normal hourly rate for hours worked in excess of forty (40) per workweek.

20.     On information and belief, these same illegal pay practices were applied to all employees of Carter's Pet Depot who were compensated in the same or similar manner to that of Plaintiff.

## V.  COUNT ONE—VIOLATION OF THE FLSA

**A.     Defendants Failed to Properly Compensate Plaintiff at the Rate of Time and One-Half for All Overtime Hours.**

21.     Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above-sections of this Complaint.

22.     On information and belief, Plaintiff was a nonexempt employee under the guidelines of the FLSA.

23.     As a nonexempt employee, Plaintiff was legally entitled to be paid at one and one-half times his "regular rate" for all hours worked in excess of forty (40) during each seven (7) day workweek.  29 U.S.C. §§ 206(a), 207(a).

24.     Carter's Pet Depot failed to pay Plaintiff for all hours worked in excess of forty (40) at one and one-half times his regular rate.

25.     Instead, Carter's Pet Depot paid Plaintiff at his normal hourly rate for hours worked in excess of forty (40) per workweek.

26.     As a result, Plaintiff was regularly "shorted" on his paycheck by not being paid at a rate of time and one-half for hours worked in excess of forty (40).

27.     In the event that Carter's Pet Depot classified Plaintiff as exempt from overtime, Plaintiff was misclassified, as no proper exemption enumerated within the guidelines of the FLSA excused Carter's Pet Depot from appropriately paying Plaintiff full overtime wages for hours worked in excess of forty (40) hours during each seven (7) day workweek, as is specifically required by the FLSA.

28.     Rather, Carter's Pet Depot knowingly, willfully, and with reckless disregard, carried out its illegal pattern and practice of failing to pay Plaintiff proper overtime wages.

**B.     Defendants Failed to Keep Accurate Records of Time Worked.**

29.     The FLSA requires employers to keep accurate records of hours worked by nonexempt employees.  29 U.S.C. § 211(c).

30.     In addition to the pay violations of the FLSA identified above, Carter's Pet Depot also failed to keep proper time records as required by the FLSA.

**C.     Defendants' Illegal Actions Were and Are Willful Violations of the FLSA.**

31.     The illegal pattern or practice on the part of Carter's Pet Depot with respect to compensation and failure to maintain accurate time records are direct violations of the FLSA.

32.     No exemption excuses Carter's Pet Depot from failing to pay Plaintiff at his proper overtime rate of time and one-half for all hours worked in excess of forty (40) per workweek.

33.     Carter's Pet Depot has not made a good faith effort to comply with the FLSA.

34.     Rather, Carter's Pet Depot knowingly, willfully and with reckless disregard carried out an illegal pattern or practice regarding overtime compensation and the payment of wages to Plaintiff.

## VI.  COUNT TWO—COLLECTIVE ACTION ALLEGATIONS

35.     Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above sections of this Complaint.

36.     On information and belief, other employees have been victimized by Carter's Pet Depot's patterns, practices and policies identified above in violation of the FLSA.

37.     These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at a rate of time and one-half for hours worked in excess of forty (40).

38.     Carter's Pet Depot's patterns or practices of failing to pay overtime compensation are generally applicable policies or practices and do not depend on the personal circumstances of the Members of the Class.

39.     Since, on information and belief, Plaintiff's experiences are typical of the experiences of the Members of the Class, collective action treatment is appropriate.

40.     All employees of Carter's Pet Depot, regardless of their rate of pay, who were not paid at their proper overtime rate for hours worked in excess of forty (40) are similarly situated.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The Class is therefore properly defined as:

> All current and former retail sales associates employed by Carter's Pet Depot during the last three years.

41.     Plaintiff has retained counsel well versed in FLSA collective action litigation who is prepared to litigate this matter vigorously on behalf of Plaintiff and any other Members of the Class.

## VII.  COUNT THREE—FAILURE TO PAY WAGES

42.     Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above-sections of this Complaint.

43.     Carter's Pet Depot's practice of failing to pay its nonexempt employees overtime compensation at one and one-half times their regular rate for all hours worked in excess of forty (40) is in direct violation of the FLSA.  29 U.S.C. §§ 206(a), 207(a).

44.     Carter's Pet Depot violated the FLSA by failing to pay Plaintiff his full and proper compensation.

45.     Plaintiff is entitled to payment for all hours worked in excess of forty (40) in an amount that is one and one-half times his regular rate of pay.

46.     Plaintiff is entitled to liquidated damages in an amount equal to his unpaid overtime wages as a result of Carter's Pet Depot's failure to comply with the guidelines of the FLSA.

## VIII.  JURY REQUEST

47.     Plaintiff requests a trial by jury.

## IX.  PRAYER

48.     Plaintiff Nichols prays for the following relief:

   a. An order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

9

b.  Judgment awarding Nichols and other retails sales associates all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

c.  Prejudgment interest at the applicable rate;

d.  Postjudgment interest at the applicable rate;

e.  All such other and further relief to which Nichols and the other retails sales associates may show themselves to be justly entitled.


Respectfully submitted,

**MOORE & ASSOCIATES**

By: s/ Melissa Moore

    Melissa Moore
    State Bar No. 24013189
    Federal Id. No. 25122
    Curt Hesse
    State Bar No. 24065414
    Federal Id. No. 968465
    Lyric Center
    440 Louisiana Street, Suite 675
    Houston, Texas 77002
    Telephone: (713) 222-6775
    Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**